UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Richard Zakosky,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Department of Veterans Affairs,<br><br>　　　　　　　Defendant. | Case No.: 17cv1373-JAH (BGS)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (Doc No. 2); DISMISSING COMPLAINT WITHOUT PREJUDICE; AND DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL (Doc. No. 3) |

## **INTRODUCTION**

Pending before this Court are Plaintiff's motions to proceed *in forma pauperis* and motion to appoint counsel. Doc. Nos. 2, 3. For the reasons set forth below, the Court **DENIES** both Plaintiff's motion to proceed *in forma pauperis* and Plaintiff's request for appointment of counsel.

//
//
//

1

# BACKGROUND

On July 6, 2017, Plaintiff filed a complaint ("Complaint") against the Department of Veteran Affairs. Doc. No. 1. On the same day, Plaintiff also filed his motion to proceed *in forma pauperis* and requested appointment of counsel. Doc. Nos. 2, 3.

# DISCUSSION

## I. *In Forma Pauperis*

### a. Ability to Pay

#### i. Legal Standard

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914 (a). A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay the fees. See 28 U.S.C. § 1915(a).

#### ii. Analysis

In support of his application to proceed *in forma pauperis*, Plaintiff presents a declaration indicating he is currently unemployed but receives $1,000 a month in retirement payments. Doc. No. 2 at pg. 2. Plaintiff posits he has zero funds in his checking account and owns a vehicle worth $500. Id. at pgs. 2-3. Plaintiff indicates monthly basic-living costs (including rent, food, clothing, and medical expenses) that amount to $1,120. Id. at pg. 4. Based on Plaintiff's declaration, the Court finds Plaintiff has sufficiently shown he is unable to pay the fees required to commence his suit.

### b. Screening

#### i. Legal Standard

*In forma pauperis* notwithstanding, the Court is obligated to review a complaint filed *in forma pauperis* and dismiss the action if it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845,

845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

### ii. Analysis

After a careful review, the Court finds that Plaintiff's complaint is frivolous and void of any plausible claims for relief. Plaintiff does not present actionable claims beyond stating there was wrongdoing at the Department of Veterans Affairs and that his complaints were ignored by superiors. Doc. No. 1 at pgs. 2-3. Plaintiff fails to state any plausible claims for relief. Based on the allegations in his Complaint, the Court finds Plaintiff has not met the screening standard required to proceed *in forma pauperis*.

## II. Request for Appointment of Counsel

### a. Legal Standard

There is no constitutional right to be represented by counsel in a civil action. Hedges v. Resolution Trust Corp., 32 F.3d 1360, 1363 (9th Cir. 1994); See Hernandez v. Whiting, 881 F.2d 768, 770-71 (9th Cir. 1989). Under 28 U.S.C. § 1915 (e) (1), however, district courts may appoint counsel for indigent litigants under "exceptional circumstances." See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)). Determining whether "exceptional circumstances" exist requires a court to evaluate (1) the likelihood of success on the merits, and (2) the ability of the petitioner to articulate his claims pro se in light of the complexity of the issues. Id. "Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id.

### b. Analysis

Here, while Plaintiff's indigence and corresponding inability to pay for counsel has been established, Plaintiff has failed to meet other requirements. Plaintiff fails to state grounds that would allow this Court to determine whether exceptional circumstances exist. Plaintiff fails to argue why he would succeed on the merits. Plaintiff also fails to articulate his claims beyond stating there was wrongdoing at the Department of Veterans Affairs and that his complaints were ignored by superiors. Doc. No. 1 at pgs. 2-3.

3

Plaintiff's statement neither expresses his likelihood of success on the merits nor articulate the complexity of the issues involved.

## **CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's motion to proceed in forma pauperis is GRANTED (doc. no. 2);

2) Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted. The complaint is DIMISSED without prejudice. Plaintiff has until November 30, 2017, to file an Amended Complaint; and

3) Plaintiff's request for appointment of counsel is DENIED without prejudice (doc. no. 3).

DATED: October 24, 2017

_____
JOHN A. HOUSTON
United States District Judge