UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ZAKOSKY,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>    Defendant. | Case No.: 17cv1373-JAH (BGS)<br><br>**ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)** |

## **INTRODUCTION**

On July 6, 2017, Plaintiff Richard Zakosky ("Plaintiff") filed a civil complaint with this Court along with a motion to proceed *in forma pauperis* and a motion to appoint counsel. [Doc. Nos. 1, 2, 3]. On October 24, 2017 this Court granted Plaintiff's motion to proceed *in forma pauperis*, denied his motion to appoint counsel, and on *sua sponte* screening, dismissed the complaint without prejudice. See Doc. No. 4. Presently before the Court is Plaintiff's Amended Complaint [Doc. No. 7], which pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and *sua sponte* review.

## **DISCUSSION**

As stated above, any complaint filed by a person filing *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and *sua sponte* review and dismissal by the

1

court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. §1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Moreover, section 1915(e)(2) requires that the court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal. Lopez, 203 F.3d at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

In dismissing Plaintiff's initial complaint, this Court found that Plaintiff had not presented actionable claims "beyond stating that there was wrongdoing at the Department of Veterans Affairs." Doc. No. 4, pg. 3. Plaintiff fails to remedy these deficiencies in his amended complaint. Even evaluating Plaintiff's complaint liberally, as this Court must do given his *pro se* status, Plaintiff has not presented a sufficient basis for a cognizable claim on which relief may be granted. See Estelle v. Gamble, 429 U.S. 97 (1976). Accordingly, the Court **DISMISSES** the amended complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2).

**CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's amended complaint [Doc. No. 7] is **DISMISSED** without prejudice for failure to state a claim. Plaintiff is permitted leave to file an amended complaint **within thirty (30) days** from the date of this Order in order to cure the noted deficiencies in the complaint.

**IT IS SO ORDERED**.

DATED: August 17, 2018

_____
JOHN A. HOUSTON
United States District Judge