UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ZAKOSKY,<br><br>                           Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>                          Defendant. | Case No.: 17cv1373-JAH (BGS)<br><br>**ORDER DISMISSING PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND DENYING MOTION TO APPOINT COUNSEL (Doc. No. 7)** |

## **INTRODUCTION**

On July 6, 2017, Plaintiff Richard Zakosky ("Plaintiff") filed a complaint with the Court along with a motion to proceed *in forma pauperis* and a motion to appoint counsel. Doc. Nos. 1, 2, 3. On October 24, 2017, the Court granted Plaintiff's motion to proceed *in forma pauperis*, denied his motion to appoint counsel, and on *sua sponte* screening, dismissed the complaint without prejudice. *See* Doc. No. 4. Plaintiff filed his First Amended Complaint ("FAC") on November 17, 2017. *See* Doc. No. 7. On August 17, 2018, Plaintiff's FAC was dismissed without prejudice for failure to state a claim. *See* Doc. No. 10. Presently before the Court is Plaintiff's Second Amended Complaint ("SAC") and Motion to Appoint Counsel, (doc. no. 11), which pursuant to 28 U.S.C. § 1915(a) is subject to mandatory *sua sponte* review.

//

# BACKGROUND

Plaintiff's SAC alleges that during his employment as a telemetry technician for the Veterans Affairs Hospital (the "VA") in San Diego, California, he identified that the "parameter setting [on the telemetry instruments were] too high or too low which created adverse events in telemetry central." Doc. No. 11 at 2. Plaintiff reported this to the nurse manager and was told, "fro[m] now on, all the telemetry techs will handle [their] issues on [their] own," which worsened Plaintiff's depression. *Id.* On or about September 30, 2013, Plaintiff "went to [the] Office of Inspector General and filed a complaint to [the] special agent in charge of VA San Diego." *Id.* Plaintiff alleges when no one from the Office of Inspector General showed up after twelve days, he had a mental breakdown. *Id.* Plaintiff was then "relieved of his duties and transferred to the emergency department." *Id* at 3. Thereafter, his mental health worsened and his "mental appointments were getting cancelled." *Id.*

Finally, Plaintiff claims his second amendment rights were stripped from him by Judge Steven Stone in San Diego Superior Court on May 15, 2015. *Id.* The remainder of the complaint lists the names of ten individuals alongside descriptions of their actions that negatively impacted Plaintiff. *Id.*

# DISCUSSION

## I. Screening Pursuant to 28 U.S.C. § 1915(a)

### i. Legal Standard

Any complaint filed by a person filing in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. §1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the

same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive *sua sponte* review, Plaintiff's SAC must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000). However, while the court "has an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (*citing Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### ii. Analysis

In dismissing Plaintiff's initial complaint and FAC, the Court found that Plaintiff had not presented actionable claims "beyond stating that there was wrongdoing at the Department of Veterans Affairs." *See* Doc. Nos. 4 at 3, 10 at 2.

As currently plead, Plaintiff's SAC fails to state a claim upon which relief can be granted. Plaintiff once again makes threadbare allegations of some wrongdoing at the Department of Veteran Affairs, which resulted in his depression worsening. Even after

construing Plaintiff's complaint liberally, as this Court must do given his *pro se* status, Plaintiff has not presented a sufficient basis for a cognizable claim on which relief may be granted. *See Estelle v. Gamble*, 429 U.S. 97 (1976). Accordingly, the Court **DISMISSES** the amended complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2).

## II. Request for Appointment of Counsel

### i. Legal Standard

There is no constitutional right to be represented by counsel in a civil action. *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994); *see Hernandez v. Whiting*, 881 F.2d 768, 770-71 (9th Cir. 1989). Under 28 U.S.C. § 1915 (e) (1), however, district courts may appoint counsel for indigent litigants under "exceptional circumstances." *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (*quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Determining whether "exceptional circumstances" exist requires a court to evaluate (1) the likelihood of success on the merits, and (2) the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues. *Id.* "Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.*

### ii. Analysis

Plaintiff's motion states that Plaintiff "want[s] the court to subpoena the defendants, so they can explain their side of the story, plus settle for 25 million dollars for causing [permanent] depression that won't go away, even with medication." Doc. No. 11 at 6. Despite Plaintiff's indigence and corresponding inability to pay for counsel, Plaintiff fails to state grounds that would allow the Court to determine whether exceptional circumstances exist.

## **CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's amended complaint (doc. no. 7) is **DISMISSED** without prejudice for failure to state a claim. Plaintiff is permitted leave to file an amended complaint

4

within thirty (30) days from the date of this Order in order to cure the noted deficiencies in the complaint.

Plaintiff will be given **one final** opportunity to file a Third Amended Complaint curing the deficiencies identified in this order. *See Noll v. Carlson,* 809, F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). In the alternative, Plaintiff may notify the Court in writing that he does not wish to file a Third Amended Complaint.

Plaintiff is advised that the Court cannot refer to a prior pleading in order to make an amended complaint complete. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Thus, once the Third Amended Complaint is filed, the other pleadings no longer serve any function in the case. In addition, Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986).

2. Plaintiff's request for appointment of counsel is **DENIED** without prejudice. Doc. No. 11.

**IT IS SO ORDERED**.

DATED: December 20, 2019

_____
JOHN A. HOUSTON
United States District Judge

5

17cv1373-JAH (BGS)