UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ZAKOSKY,<br><br>                           Plaintiff,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>                         Defendant. | Case No.: 17cv1373-JAH (BGS)<br><br>**ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (Doc. No. 14)** |

## INTRODUCTION

Presently before the Court is Plaintiff's Third Amended Complaint ("TAC") and Motion to Appoint Counsel. Doc. No. 14. For the reasons set forth below, the Court **DISMISSES** Plaintiff's Third Amended Complaint and **DENIES as moot** Plaintiff's Motion to Appoint Counsel.

## BACKGROUND

On July 6, 2017, Plaintiff Richard Zakosky filed a Complaint, a motion to proceed *in forma pauperis*, and a Motion to Appoint Counsel. Doc. Nos. 1, 2, 3. The Complaint vaguely alluded to harm caused by the Defendant, the Department of Veteran Affairs (hereinafter, "V.A."), alleging the V.A.'s actions harmed the Plaintiff. On October 24, 2017, the Court granted Plaintiff's motion to proceed *in forma pauperis*, denied his motion to appoint counsel, and on *sua sponte* screening, dismissed the case without prejudice for

1

a failure to state a claim.  Doc. No. 4.

Plaintiff filed his First Amended Complaint ("FAC") on November 17, 2017, alleging nearly identical facts as his Complaint.  Doc. No. 7.  On August 17, 2018, the Court once again dismissed the Plaintiff's FAC without prejudice for failure to state a claim.  Doc. No. 10.  On September 17, 2018, Plaintiff submitted to the Court his Second Amended Complaint ("SAC") along with a Motion to Appoint Counsel, which the Court dismissed without prejudice on December 20, 2019.  Doc. Nos. 11, 12.

Currently, Plaintiff's TAC, filed January 17, 2020, asserts that during his employment as a telemetry technician with the V.A. Hospital in San Diego, California, he mentioned to his superiors "the bad behavior and adverse events [that] were occurring by his former colleagues."  Doc. No. 14 at 2.  Plaintiff then asserts he refused to cover-up the adverse events and filed a complaint with the Office of the Inspector General, but that "no one showed up," and the VA Hospital told the Plaintiff to "keep [his] mouth shut and just work."  *Id.*  Due to his underlying depression, Plaintiff alleges these events resulted in him suffering a mental breakdown and medical disability retirement.  *Id.*  Additionally, Plaintiff states that he was a victim of the "wait time scandal," alleging that while pursuing treatment for depression, his medical appointments were canceled—leading him to attempt suicide.  *Id.*  Plaintiff asserts, "that the V.A. is responsible for what happened to [him] with true medical negligence."  *Id.*  Finally, Plaintiff concludes that this event led to a violation of his Second Amendment and Due Process rights.

Finally, the Plaintiff's prayer for relief requests a court investigator speak with Mindy O'Halow and Andrea Ortega in the Direct Observation Unit at the VA Hospital who may help substantiate his claim.  *Id.* at 3.

## DISCUSSION

I.   **Screening Pursuant to 28 U.S.C. § 1915(a)**

  i.  **Legal Standard**

Any complaint filed by a person *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to mandatory and *sua sponte* review and dismissal by the Court to the extent it is

"frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. §1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*). "The standard of determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

For Plaintiff's TAC to survive *sua sponte* review, the complaint must contain "a short and plain statement of wrongdoing showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8 does not require "detailed factual allegations," it does demand more than a "the-defendant-unlawfully-harmed-me allegation" or a mere conclusory statement of the defendant's alleged wrongdoing. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, to survive a motion for dismissal, the facts within the complaint, if accepted as true, must "state a claim for relief that is plausible on its face." *Id.* The wrongdoing and relief alleged in the complaint must allow the "court [to] infer more than a mere possibility of misconduct," instead it must reach into the realm of plausibility. *Id.*; *see also William O. Gilley Enters. v. Atl. Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009).

If the Court determines that the complaint fails to allege a cognizable claim, the Court may permit leave to amend so that the Plaintiff may cure the deficiencies within the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000). Courts do not hold "missing or inaccurate legal terminology or muddled draftsmanship against them," especially when there is civil rights question at issue. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (*citing Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). Rather the Court provides *pro se* litigants a "liberal construction" of the filings. *Id.* Nonetheless, the Court shall not "supply essential elements that were not initially pled" and "[v]ague and conclusory" assertions of substantial civil rights violations do not provide

sufficient evidence to quash a motion to dismiss. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

### ii. Analysis

The Court finds Plaintiff's TAC fails to make any viable claim on which the Court may grant relief. Within the complaint, Plaintiff makes broad assertions regarding the conduct by the Department of Veteran's Affairs—allegedly resulting in harm to Plaintiff's mental health and violating his rights. Although the Court must interpret Plaintiff's claims liberally, given his *pro se* status, the TAC does not provide a sufficient basis of plausible misconduct on which the Court may grant relief. *Blaisdell*, 729 F.3d at 1242.

Additionally, Plaintiff alleges the V.A. is liable for medical negligence because of the "wait time scandal," which resulted in him attempting suicide. To substantiate a claim for medical negligence, Plaintiff must establish that a medical professional breached their duty to a patient resulting in a direct harm. *See* 28 U.S.C. §1326(b)(1). However, even with liberal construction, the conclusory allegations in Plaintiff's TAC do not suffice to state a claim, as his complaint merely alleges perceived wrongdoing and misconduct. Further, the statute of limitations (SOL) runs at the accrual of the harm occurred, and since Plaintiff's claim for medical negligence extends beyond the two-year statute of limitations, beginning once the plaintiff suffered the harm, the action is barred. *Tunac v. United States* 897 F.3d 1197, 1207 (9th Cir. 2018) (citing *United States v. Kubrick*, 444 U.S. 111 (1979)) (internal citations omitted).

Finally, the TAC provides no factual details regarding Plaintiff's alleged Second Amendment or Due Process violations or how the V.A., the only named Defendant in the action, is related to these violations. Doc. No. 14 at 2. Once again, such conclusory statements are insufficient and do not provide a reasonable basis for the Court to maintain this action.

## II. Request for Appointment of Counsel

### i. Legal Standard

Traditionally, there is no constitutional right for a party to be represented by counsel

in a civil matter.  *See Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982).  However, under 28 U.S.C. §1915(e)(1), an indigent party may have counsel appointed under "exceptional circumstances."  *See United States v. McQuade*, 647 F.2d 938 (9th Cir. 1981).

### ii.  Analysis

Despite Plaintiff's indigence and corresponding inability to pay for counsel, Plaintiff fails to state grounds that would allow the Court to determine whether exceptional circumstances exist.

### CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Plaintiff's amended complaint, Doc. No. 14, is **DISMISSED with prejudice** for failure to state a claim since any allegation of additional facts would not cure the deficiencies.  *Id.*  Plaintiff is not permitted leave to amend the complaint since the Court's previous order, Doc. No. 12, informed the party that he had **one** final opportunity to amend the complaint.  Plaintiff had a fair opportunity to remedy the deficiencies, and the failure to do so on three separate occasions leads the Court to presume that no further amendments could cure the deficiencies.  *See Lopez*, 203 F.3d at 1129.

2. Plaintiff's request for appointment of counsel is **DENIED as moot**.  Doc. No. 14.

**IT IS SO ORDERED**

DATED: July 2, 2020

JOHN A. HOUSTON
United States District Judge